IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARTINA TATE,**
**SIDONIA ANN TATE,**
  **Plaintiffs,**

vs.                3:05cv177/LAC/MD

**INV. ROBERTA ADAMS, et al.**
  **Defendants.**
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

  This cause is before the court on plaintiffs' motions for leave to proceed *in forma pauperis* (doc. 6 & 7), and their civil rights complaint filed pursuant to 42 U.S.C. § 1983. Upon consideration of the motions for leave to proceed *in forma pauperis*, leave to so proceed should be granted.

  Since plaintiffs are proceeding *in forma pauperis*, the court must dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the

plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiffs' complaint, the court concludes that it does not present an actionable claim.

Plaintiffs are Martina Tate, and her mother Sidonia Tate.  Defendants in this action are investigator Roberta Adams and Deputy Nick Decaprio from the Okaloosa County Sheriff's Dept., and Ginger Madden and Christine Bosau from the State Attorney's office in Shalimar, Florida.  From the statement of facts, it appears that plaintiff Martina Tate was both the victim of a crime, aggravated assault with a motor vehicle, and charged with an unspecified crime, both involving the same person, Nicholas Altobelli.  The allegations of the complaint appear to center around the actions of Mr. Altobelli, both before and after prosecution of the case against him, and the circumstances surrounding Martina Tate's arrest and prosecution months later.  The instant complaint was signed on May 12, 2005, and as of that time the case against Martina Tate was still pending.  Plaintiff Sidonia Tate, who apparently authored the complaint, states that as of the date of the complaint court appointed counsel for Martina Tate has not "let [her] know what is going on."  Under the statement of claims, plaintiffs list the Fifth, Sixth, Eighth and Fourteenth Amendments.  As relief, plaintiffs ask that the charges be completely removed from the record, that there be "federal reform" within the Okaloosa County Sheriff's Office and State Attorney's Office and monetary damages.

The relationship of the various defendants to the alleged constitutional violations is not specifically set forth in the complaint.  What is abundantly clear, however, is that the plaintiffs' complaint does not state a claim.  As an initial matter, the only tie plaintiff Sidonia Tate has with the matters at hand is her relationship with her daughter.  In order to maintain standing, the plaintiff generally must assert that his own legal rights or interests have been injured as opposed to those of third parties.  *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).  Therefore, Sidonia Tate

**does not have standing to bring this action.**

**Additionally, all of the factual allegations concerning wrongs done to Martina Tate relate to a pending state court criminal case. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.** *Younger v. Harris*, **401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971);** *see also*, *Hicks v. Miranda*, **422 U.S. 332, 349 (1975);** *Luckey v. Miller*, **976 F.2d 673 (11th Cir. 1992). "The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."** *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, **457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).** *Younger* **abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See** *id***. Plaintiff Martina Tate's allegation of constitutional violations in the state court proceedings against her must be dismissed so they may be raised in state court.**

**Even if the state court proceedings against Martina Tate have concluded, amendment of the complaint would not cure the deficiency. In** *Heck v. Humphrey*, **512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."** *Id***. at 486-487, 114 S.Ct. at 2372. Absent such an invalidation, a section 1983 suit must be dismissed.** *Id***.; see also** *Harden v. Pataki*, **320 F.3d 1289, 2003 WL 262474 (11th Cir. 2003);** *Hughes v. Lott,* **350 F.3d 1157, 1160 (11th Cir. 2003). Plaintiff Martina Tate may seek any appropriate relief through state appellate courts or post conviction proceedings.**

**Accordingly, it is ORDERED:**

**Plaintiffs' applications to proceed** *in forma pauperis* **(doc. 6 & 7) are GRANTED.**

**And it is respectfully RECOMMENDED:**

**That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida this 8th day of August, 2005.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**